In the Matter of the TUTORSHIP OF VIRGINIA KERSHAW.

The case must be a very strong one that will justify the removal of a parent from the tutorship of child, on the ground of notorious bad conduct. It should not be done on light or doubtful testimony.

THOMAS B. KERSHAW, is appellant from a judgment of the Court of Probates of St. Mary, *Dumartrait*, J., removing him from the tutorship of his child on the ground of notorious bad conduct.

GARLAND, J. The petitioner alleges and proves, that he is the uncle of the minor child of Thomas B. Kershaw, who is her natural tutor. He avers that the conduct of said Kershaw is notoriously bad; that he is intemperate, and not a suitable person to continue to act as such tutor. He, therefore, prays for his removal, and the appointment of another tutor. The allegations are denied, and the answer asserts that the petitioner is actuated by interested motives, in the prosecution of this action.

The record shows, that about one year since, Kershaw was confirmed in the tutorship of his child, and appointed the administrator of the estate of his deceased wife, for the faithful administration of which, he gave security as requred by law. The petitioner then made opposition to his appointment, on grounds nearly similar to those upon which he now urges his removal from the situation of tutor, but was unsuccessful. There is no allegation of unfaithfulness, either as tutor or as administrator, and the demand for removal rests on the ground of notorious bad conduct, on the part of Kershaw. To establish this, various witnesses were examined by the petitioner, who proved that Kershaw frequently got drunk, but was more frequently so some six months previous to the trial, than subsequently to that period. Two or three of the witnesses, who are near relatives of the petitioner, said that Kershaw keeps a female slave belonging to his child, as a concubine; but, upon being asked as to their reasons for the belief, they gave none, but their own suspicions, except one of them, who testified, with an evident bias in favor of the petitioner, and said that Kershaw once told him, when drunk, that he was the father of a child by the girl. Several of the witnesses for the petitioner say,

that when Kershaw is sober, which is more frequent now than formerly, he is a good neighbor and citizen. That he is very much attached to his child, and she to him. On the part of the tutor, eight or ten witnesses were examined, some of whom had known him from childhood and others for different periods of time. They all represent him as addicted to using ardent spirits to excess. When drunk, they say, that he is inoffensive ; when sober, he is quiet, and a good citizen. It is shown that the child is boarding in a respectable family, and going to school ; and that Kershaw manifests the warmest affection for her. There is no evidence that he is wasting her property.

We have examined the testimony closely, and are unable to agree with the Probate Judge in his conclusions. The case must be a very strong one, that will justify the removal of a parent from the tutorship of a child, for notorious bad conduct. A judgment of that kind fixes a stigma upon the character of the parent, which will, in some degree, attach to the child, and should not be given upon light or doubtful testimony. Where eight or ten respectable witnesses can be found to speak of a man, in such terms as Kershaw is spoken of, it is not probable that his conduct can be so notoriously bad and immoral, or his heart so callous, as to be insensible to those parental affections, which induce a father to watch over the morals and welfare of his child.

The judgment of the Probate Court is, therefore, annulled ; and ours is for the tutor, with costs in both courts.

*Splane*, for the petitioner.

*W. C. Dwight*, and *M. A. Fraser*, for the appellant.