Bullard, J.
This is an action instituted by the commissioners appointed to liquidate the Atchafalaya Bank, against the late president, directors and cashier of that institution, to recover damages for the maladministration of the Bank previous to the decree of the court vacating its charter.
The defendants pleaded various exceptions: 1st. That the plaintiffs have no power to bring this suit; that' there is no law-authorizing their appointment; and that they have not been duly appointed and qualified: 2d. That as mandataries they, the respondents, are accountable only to the stockholders, whom the plaintiffs do not represent: 3d. That the petition is vague and indefinite. There are several other exceptions similar in character to the last; but as the case went off on the two first *634 which alone appear to have been considered, and the latter exceptions do not go to the dismissal of the suit, but might authorize leave being given to amend in the discretion of the court below, we confine ourselves to the [quésti'on, whether the court erred in sustaining the two first exceptions, and in deciding that the commissioners have no authority to maintain this action, and that if any such right of action exist, it can only be prosecuted by the stockholders.
The commissioners derive their authority from the act of the Legislature of 1842, entitled “ an act to provide for the liquidation of Banks.” The 12th section provides, that “ they shall forthwith demand from the board of directors of the Bank, or such officer, or officers, as they may delegate for that purpose, all the property and effects of every description thereunto belonging, and all books, accounts and papers thereunto pertaining, &c.” It goes on to provide a mode of administration and distribution, and finally section 24th provides, “ that in all matters not herein specially provided for, the powers, duties and liabilities of the commissioners shall be the same as those conferred or imposed on syndics of .insolvent estates, and the proceedings the same as those provided by the acts now in force, relative to the voluntary surrender of property.”
The analogy is striking between an insolvent who has made a cessio bonorum, and a corporation put in liquidation by virtue of the act of 1842. All the property, rights and actions of the insolvent. become vested in his creditors, to be administered by the syndic. It never has been supposed, that an insolvent, after his surrender, could maintain an action against a faithless agent, or mandatary. ■ Such an action, and even a right to maintain revo-catory actions, passes to the syndic, and can be maintained by him alone for the benefit of the creditors. By the decree of forfeiture, the corporation no longer has the faculty of suing in its corporate name; and as it relates to delinquent debtors, or unfaithful mandataries, it cannot be conceded, that the right of action vests from that moment in the corporators individually. In the case of Percy et al. v. White et al., decided in May, 1844, we held, that the action against Bank directors for maladministration, might be maintained by their successors in the direction. Now *635 we think that any action which the directors might have maintained, while the corporation was in existence, tending to increase the fond out of which the debts of the body corporate are to be paid, may well be instituted by the commissioners after its dissolution. The stockholders may still be called on to pay what may be due on their stock, as a part of the assets, and may be entitled to any residue after all the liabilities of the Bank shall have .been paid. See Millaudon v. Carrollton Bank, 5 Rob. 488.
Plaintiffs, commissioners for the liquidation of a bank, having sued the cashier and his sureties in his official bond, for'damages for misconduct of the cashier, instituted, pending the first suit, a second action against the cashier, president, and directors for malfeasance. The demand in the first case was limited to the amount of the official bond of the cashier. On an exception by the cashier oí lis pen-dens : Held, that the action cannot be divided, and a part of the damages sued for in one case, and a part in the other ; and that the cause of action being the same, though .the amounts demanded are not, the exception should be.sustained. C. P. 335.
. By the 23d section of the act, two commissioners are competent to do any act, except to pledge or mortgage property.
It is contended by the appellees’ counsel, that the judgment is correct, by reason of the misjoinder of parties; that the defendants are sued in different capacities, charged with responsibility for different acts, and on different causes of action, and that some of the allegations are inconsistent with each other. To this it may be answered, that the court below did not decide upon such a point, and that no injustice can be done, as each party has a right to plead separately, and have a separate trial and judgment; and that the court below will allow such amendments as may be necessary and proper.
The evidence in the record satisfies us, that the commissioners who sue, have been duly appointed and qualified.
It is, therefore, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that the case be remanded for further proceedings, according to law; and that the costs of the appeal be paid by the appellees.